# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | :     Case No. 3:94CR223 (PCD) |
| WILLIAM MENDEZ | : |

**MEMORANDUM OF DECISION ON MOTION TO REDUCE SENTENCE**

Movant was charged in a multi-count indictment, the three relevant counts of which, ##32-34, each charged a conspiracy to possess with intent to distribute cocaine, cocaine base, heroin and marijuana. No specific amount of drugs was alleged and the verdict made no finding of amount between cocaine and cocaine base. Defendant was convicted of all three counts.

The Presentence Report (PSR) noted that the three conspiracies "involved cocaine, cocaine base, heroin and marijuana." PSR ¶ 8. The PSR reviewed the evidence and determined the amount of drugs in each conspiracy as the same, 15 to 50 KG of cocaine, 50 to 150 grams of cocaine base. These amounts were aggregated for the three conspiracies at 45 to 150 KG of cocaine, 150 to 450 grams of cocaine base, with which there was no disagreement (Sentencing Transcript 3) and the court so found. In calculating the U.S.S.G. sentence range, it was noted that in U.S.S.G. § 2D1.1(c)(3) the base offense level for both the cocaine and cocaine base so found was 34. The drug amounts were not totaled as called for in § 2D1.1, Comment 6, then in effect. As the base offense levels for both the amounts of cocaine and cocaine base found were the same, separate offense levels were not seen as necessary and were not calculated. If the drug amounts are now totaled, on the basis of the marijuana equivalents, the cocaine equaled 9000 KG of marijuana (45 x 1,000 x 200/1,000), U.S.S.G. 2D1.1(n.10(E)) and the cocaine base equaled

3000 KG of Marijuana (150 x 20), U.S.S.G. 2D1.1(E). The total, 12,000 KG of Marijuana results in a base offense level 36, per U.S.S.G. 2D1.1(c)(2).

The base offense level is reduced by 2, per amendment 706. U.S.S.G. 2 D1.1(n.10(D)(i)). The resulting offense level of 34 is increased by 3 on the basis of defendant's managerial role, U.S.S.G. 3 B1.1(b) and 1 level due to the grouped additional counts of conviction. The level thus derived is reduced by a 2 level 5K2.0 departure as explained in the statement of reasons (defendant's positive post indictment conduct and offense role) with a final adjusted offense level of 36. That calculation is the same derived by the court when the base level was determined using either the 2 D 1.1(n.10(E)) base level for the 45 KG of cocaine or the 150 gm of cocaine base. The sentence imposed, 188 months, is thus within the range as originally calculated and as now calculated on the total of the two narcotics of which defendant was convicted. It follows that defendant is not entitled to any further reduction of his offense level, nor his sentence range nor his sentence.

As defendant was convicted of possession of both cocaine and cocaine base, the amounts for which he was found responsible, 45-150 KG of cocaine and 150-450 grams of cocaine base are totaled for calculation of the base offense level. U.S.S.G. 2D1.1, note 6. Defendant incorrectly argues that his base offense level should be calculated solely on the basis of the amount of cocaine base, per U.S.S.G. § 2D1.1(c)(3). That argument fails as it would leave his cocaine responsibility unresolved and unaccounted for and does not comport with Note 6 nor U.S.S.G. Supplement, May 1, 2008, 2 D1.1(c), commentary n. 10 (D). As amendment 706 as above included in the calculated offense level would thus not change the adjusted offense level for the combined total of the two narcotics, Amendment 706 does not entitle defendant to a

further reduction of his final offense level nor the sentence imposed.

Defendant's claim is premised on his having been sentenced only on the basis of the cocaine base possession. For the reason noted above, he is wrong. He was sentenced on the basis of his conviction for possession, as part of each conspiracy, of both cocaine and cocaine base. The verdict made no distinction between the two. The unchallenged PSR finding of both being involved, from the indictment which alleged both, the evidence as to both and the verdict making no distinction stand as the basis for the sentence as intended by the court. The shorthand reference to the base offense level arising from the cocaine base amount did not alter the fact that defendant was charged and convicted on the basis of his responsibility for both the cocaine and cocaine base. As that conviction resulted in a base offense level for the cocaine and for the combined cocaine and cocaine base as provided by 2D1.1, comment.(n.10) and Amendment 706 as calculated above. Petitioner is not entitled to any further reduction.

Accordingly, the motion for sentence reduction based on Amendment 706 is **denied**.

SO ORDERED:

Dated at New Haven, Connecticut this 10th day of December, 2008.

/s/
PETER C. DORSEY
UNITED STATES DISTRICT JUDGE